IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE A. JARVIK )<br>3735 Jocelyn Street, N.W. )<br>Washington, D.C. 20015 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CENTRAL INTELLIGENCE AGENCY )<br>Washington, D.C. 20505 )<br>)<br>Defendant. )<br>)<br>Serve on: )<br>)<br>(1) Litigation Division )<br>Office of General Counsel )<br>Central Intelligence Agency )<br>Washington, D.C. 20505 )<br>)<br>and )<br>)<br>(2) Kenneth L. Wainstein )<br>United States Attorney for )<br>the District of Columbia )<br>Judiciary Building )<br>555 4th Street, N.W. )<br>Washington, D.C. 20530 )<br>)<br>and )<br>)<br>(3) Alberto Gonzales )<br>Attorney General of the )<br>United States )<br>U.S. Department of Justice )<br>950 Pennsylvania Avenue )<br>Washington, D.C. 20530 )<br>_____ ) | Case No.: _____<br><br>CASE NUMBER 1:06CV01555<br>JUDGE: Ricardo M. Urbina<br>DECK TYPE: FOIA/Privacy Act<br>DATE STAMP: 09/■/2006 |

**FILED** SEP - 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JURY ACTION

## COMPLAINT

Plaintiff Laurence A. Jarvik (the "Plaintiff"), by and through his undersigned counsel, files

the following Complaint against Defendant Central Intelligence Agency (the "Defendant"). In support of this Complaint, Plaintiff respectfully alleges as follows:

### The Parties

1. Plaintiff Laurence A. Jarvik is a resident of the District of Columbia residing at 3735 Jocelyn Street, N.W., Washington, D.C. 20015.

2. Defendant Central Intelligence Agency is a federal agency created under the provisions of the 1947 National Security Act.

3. Defendant Central Intelligence Agency maintains numerous offices throughout the United States, but its primary mailing address for filing a FOIA request is Washington, D.C. 20505.

### Jurisdiction and Venue

4. This Court has original jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper in this judicial district as Plaintiff is a resident of this judicial district and Defendant maintains one of its primary offices in this judicial district.

### Facts

6. On February 15, 2006 Plaintiff, pursuant to the Freedom of Information Act ("FOIA"), submitted a request to the Defendant requesting "information or records on all CIA documents about events in Andijan, Uzbekistan from 2004-2006, including any CIA reports relating to the violence [in Andijan, Uzbekistan] of May, 2005 and its aftermath, as well as subsequent trials and evacuation of refugees."

7. Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), Plaintiff's February 15, 2006 letter requested a waiver of fees related to locating documents and copying costs.

8. Plaintiff has the ability to educate the public as to the extent of United States involvement

in the May 2005 events in Andijan, Uzbekistan (the "Andijan events"). Plaintiff is a journalist writing a book and, in addition, maintains a popular website (laurencejarvikonline.blogspot.com) containing a number of publications on issues related to or similar to the subject matter of his information request. Plaintiff does not intend to derive or anticipate deriving any significant commercial gain from his book.

9. In Defendant's reply letter dated March 7, 2006, Defendant stated it would conduct a search of CIA documents for "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees," but denied Plaintiff's request for a fee waiver.

10. By agreeing to conduct the search for documents, Defendant admits that it has or might have some (or all) of the documents and records that fall under Plaintiff's request. Thus, it is evident that the agency records, demanded by Plaintiff, are in existence.

11. On March 22, 2006 Plaintiff appealed the denial of a fee waiver to the Agency Release Panel.

12. In its letter dated July 18, 2006 the Agency Release Panel denied Plaintiff's appeal.

13. The letter dated July 18, 2006 contains and constitutes the final agency decision with respect to Plaintiff's FOIA request. Plaintiff has, therefore, exhausted all administrative procedures and remedies available to him and now seeks judicial review of the agency decision.

### COUNT I
(Violation of the Freedom of Information Act)

14. Plaintiff hereby incorporates all previous paragraphs as if fully restated herein.

15. Plaintiff qualifies for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) because Plaintiff's

primary intent is to use the information to contribute significantly to the public's understanding of the operations and activities of the United States government and Plaintiff's primary purpose is not his own commercial interest.

16. No FOIA exemption exists to permit Defendant to withhold the requested documents. Defendant has not informed Plaintiff that (1) a pre-existing court order exists preventing it from producing the documents; (2) no such responsive documents exist; or, (3) all such documents have already been released to Plaintiff.

17. The copying fees and time at $150 per responsive document is prohibitively expensive as there may potentially be thousands of such documents. Defendant's refusal to allow Plaintiff's request for a fee waiver and prohibitively high transaction costs amounts to withholding of the documents as Plaintiff is unable to procure the documents.

18. Defendant improperly denied Plaintiff's request for a fee waiver because Plaintiff meets the requirements of 5 U.S.C. § 552(a)(4)(A)(iii). As a result of Defendant's denial of Plaintiff's request for a fee waiver, Plaintiff has, to date, not been able to receive and review the requested documents. Due to Defendant's improper denial of Plaintiff's request for a fee waiver Plaintiff is unable to obtain the requested documents; therefore, Defendant's denial is an improper withholding of agency records, which is clearly prohibited by FOIA.

19. As a result of Defendant's improper withholding of agency records, Plaintiff has been prevented from discovering necessary information in order to contribute significantly to the public's understanding of the United States government's role in the Andijan events.

WHEREFORE, Plaintiff respectfully requests this Court:

(1) issue a declaratory judgment requiring that Defendant provide all records and reports,

4

responsive to the February 15, 2006 request, i.e., "any CIA reports relating to the violence [in Andijan, Uzbekistan] of May, 2005 and its aftermath, as well as subsequent trials and evacuation of refugees" to Plaintiff without charging any fees;

(2) award Plaintiff costs and reasonable attorney's fees for bringing and prosecuting this action, as authorized by 5 U.S.C. § 552(a)(4)(E); and,

(3) award such other relief as the Court deems just and appropriate.

Respectfully submitted,

Matthew H. Simmons, Esq.
Bar ID No. MD 14700
Simmons & Associates, Chartered
7347 Wisconsin Avenue, Suite 200
Bethesda, MD 20814
Ph: (301) 986-8444
Fax: (240) 597-0749
Counsel for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all issues so triable.

Matthew H. Simmons

\\Danixt\files\Client Files\Jarvik_Cerritos\FOIA\Complaint.wpd