IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE A. JARVIK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENTRAL INTELLIGENCE AGENCY, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 06-1555 (RMU) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the Central Intelligence Agency, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 56, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.

In support of this Motion, Defendant respectfully submits the attached statement of material facts as to which there is no genuine dispute, a memorandum of points and authorities with exhibits, and a proposed order.

Respectfully submitted,

　/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

　/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney

                                    United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Polly Smothergill
Assistant General Counsel
Office of the General Counsel
Central Intelligence Agency
Washington, DC 20505

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE A. JARVIK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1555 (RMU) |
| ) | |
| v. ) | |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvR 56.1 and 7(h), Defendant, the Central Intelligence Agency ("CIA"), respectfully submits this statement of material facts as to which there is no genuine issue in support of its Motion for Summary Judgment.

1.   On February 15, 2006,[1] Plaintiff submitted a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., seeking "all CIA documents about events in Andijan, Uzbekistan from 2004-2006, including any CIA reports relating to the violence of May, 2005, and its aftermath, as well as subsequent trials and evacuation of refugees." Exhibit ("Ex.") A (Letter to the CIA's Information and Privacy Coordinator from Laurence Jarvik); Compl. ¶ 6.[2]

2.   In his February 15th request, Plaintiff sought a waiver of all fees for "searching . . . reviewing . . . or copying the records." Id. Plaintiff stated that he was "a journalist writing for

---

[1] Plaintiff's actual FOIA request is erroneously dated "February 15, 20015." However, the correspondence pertinent to this matter, in addition to Plaintiff's complaint, indicate the correct date of the request as February 15, 2006.

[2] References to "Compl." are to the federal complaint Plaintiff has filed in this Court.

publication – I have a personal blog . . . and . . . am currently writing a book about Central Asia." Id.; Compl. ¶ 7.

3.	On March 7, 2006, Mr. Scott Koch, the CIA's Information and Privacy Coordinator, informed Plaintiff that his request had been limited to "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees" as only that portion of the request was sufficiently specific for a search to be performed.  Ex. B (Letter to Laurence A. Jarvik from Scott Koch, CIA Information and Privacy Coordinator).  Furthermore, Plaintiff was informed that his request for a fee waiver was denied because the information he sought was "not likely to contribute significantly to public understanding of the operations and activities of the United States Government."  Id.  In addition, because Plaintiff had stated that he was writing a book on Central Asia, he was informed that his request would be placed in the "commercial fee" category, thus requiring him to pay the costs for "searching, reviewing, and duplicating responsive records."  Id.  Plaintiff was informed that "[s]earch fees for each item in a request are usually about $150," and that the agency would require that Plaintiff indicate his commitment to paying the fees within 45 days of the date of the letter.  Id.

4.	On March 22, 2006, Plaintiff wrote Mr. Koch stating that Plaintiff accepted the limitation of his request to "CIA records relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees."  Ex. C, at 1 (Letter to Scott Koch from Laurence A. Jarvik).  Plaintiff, however, stated that he was appealing the denial of his fee waiver request.  Id.  Plaintiff contended that his research was "scholarly as well as journalistic" and that he believed the audience that would benefit from his research would be "policy specialists as well [as] members of the public interested in the operation and activities of the US government in the field of international relations."  Id.  Plaintiff contended that, in light of his prior record of

publications and his various appearances on television in the "policy arena," his "research is likely to contribute significantly to public understanding of the operations and activities of the US government." Id. at 2.

5.　　In a letter dated July 18, 2006, the agency provided a final response to Plaintiff's fee waiver request, denying Plaintiff's request. Ex. D (Letter to Laurence A. Jarvik from Edmund Cohen, Chair, Agency Release Panel). The agency determined that the information Plaintiff sought was not likely to contribute to an understanding of the activities of the United States government because Plaintiff had "neither alleged nor made any connection between U.S. Government operations or activity and the violent events in Andijan, Uzbekistan." Id. at 1. In addition, the agency concluded that because Plaintiff stated he was writing a book, the information he sought was in his commercial interest, thus precluding a fee waiver. Id. at 2. Plaintiff was informed that his request would remain in the commercial fee category, requiring him to "pay for all search, review, and duplication costs associated with the processing of [his] request." Id. Furthermore, Plaintiff's request was held in abeyance for 45 days pending receipt of Plaintiff's commitment to pay the applicable fees. Id.

6.　　Plaintiff filed the current lawsuit in this Court on September 1, 2006.

　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　  /s/ Jeffrey A. Taylor
　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　  /s/ Rudolph Contreras
　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR # 434122
　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　  /s/ Michelle N. Johnson
　　　　　　　　　　　　　　　　MICHELLE N. JOHNSON, D.C. BAR # 491910
　　　　　　　　　　　　　　　　Assistant United States Attorney

        United States Attorney's Office
        Civil Division
        555 4th Street, N.W. – Room E4212
        Washington, D.C. 20530
        (202) 514-7139

        COUNSEL FOR DEFENDANT

Of Counsel:

Polly Smothergill
Assistant General Counsel
Office of the General Counsel
Central Intelligence Agency
Washington, DC 20505

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE A. JARVIK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1555 (RMU) |
| ) | |
| v. ) | |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, the Central Intelligence Agency ("CIA"), submits this memorandum of law in support of its motion for summary judgment. Plaintiff, Laurence A. Jarvik ("Plaintiff") brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., seeking a declaratory judgment requiring the CIA to release requested documents relating to the February 15, 2006, FOIA request Plaintiff submitted. Because the Agency properly determined that Plaintiff was not entitled to the fee waiver he sought in conjunction with his request, and Plaintiff has not indicated his intention to pay the fees necessary to obtain the records he seeks, summary judgment in favor of Defendant is proper.

**BACKGROUND**

On February 15, 2006, Plaintiff submitted a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), seeking "all CIA documents about events in Andijan, Uzbekistan from 2004-2006, including any CIA reports relating to the violence of May, 2005 and its aftermath, as well as subsequent trials and evacuation of refugees." Exhibit ("Ex.") A (Letter to the CIA's Information and Privacy Coordinator from Laurence Jarvik). Plaintiff

also sought a waiver of all fees for "searching . . . reviewing . . . or copying the records." Id. In support of his fee waiver request, Plaintiff stated that he was "a journalist writing for publication – I have a personal blog . . . and . . . am currently writing a book about Central Asia." Id.

On March 7, 2006, Mr. Scott Koch, the CIA's Information and Privacy Coordinator, informed Plaintiff that his request had been limited to "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees" as only that portion of the request was sufficiently specific for a search to be performed. Ex. B, at 1 (Letter to Laurence A. Jarvik from Scott Koch, CIA Information and Privacy Coordinator). Furthermore, Plaintiff was informed that his request for a fee waiver was denied because the information he sought was "not likely to contribute significantly to public understanding of the operations and activities of the United States Government." Id. at 2. In addition, because Plaintiff indicated that he was writing a book on Central Asia, he was informed that his request would be placed in the "commercial fee" category, thus requiring him to pay the costs for "searching, reviewing, and duplicating responsive records." Id. Plaintiff was informed that "[s]earch fees for each item in a request are usually about $150," and that the agency would require that Plaintiff indicate his commitment to paying the fees within 45 days of the date of the letter. Id.

On March 22, 2006, Plaintiff wrote Mr. Koch stating that Plaintiff accepted the limitation of his request to "CIA records relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees." Ex. C, at 1 (Letter to Scott Koch from Laurence A. Jarvik). Plaintiff, however, stated that he was appealing the denial of his fee waiver request. Id. Plaintiff contended that his research was "scholarly as well as journalistic" and that

he believed the audience that would benefit from his research would be "policy specialists as well [as] members of the public interested in the operation and activities of the US government in the field of international relations." Id.  Plaintiff contended that, in light of his prior record of publications and his various appearances on television in the "policy arena," his "research is likely to contribute significantly to public understanding of the operations and activities of the US government." Id. at 2.

In a letter dated July 18, 2006, the agency provided its final denial of Plaintiff's fee waiver request.  Ex. D (Letter to Laurence A. Jarvik from Edmund Cohen, Chair, Agency Release Panel).  The agency determined that the information Plaintiff sought was not likely to contribute to an understanding of the activities of the United States government because Plaintiff had "neither alleged nor made any connection between U.S. Government operations or activity and the violent events in Andijan, Uzbekistan." Id. at 1.  In addition, the agency concluded that because Plaintiff stated that he was writing a book, the information he sought was in his commercial interest, and therefore Plaintiff had not satisfied "the second criterion warranting a fee waiver." Id. at 2.  Plaintiff was informed that his request would remain in the commercial fee category, requiring him to "pay for all search, review, and duplication costs associated with the processing of [his] request." Id.    The CIA indicated that it would hold Plaintiff's request "in abeyance for 45 days pending [Plaintiff's] commitment to pay fees as a requester in the 'commercial' fee category." Id.  As of the date of this motion, Plaintiff has not made any commitment to pay any fees.

Plaintiff filed the current lawsuit in this Court on September 1, 2006.[1]

---

[1] On September 25, 2006, Plaintiff submitted another FOIA request to the CIA, substantially the same as his February 15, 2006, request.  However, in this request, Plaintiff

3

# ARGUMENT

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment where the materials presented "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial responsibility for identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"The decision of an agency to grant or deny a fee waiver request is reviewed de novo, looking only to the administrative record before the agency at the time of the decision." D.C. Tech. Assistance Org. v. HUD, 85 F. Supp. 2d 46, 48 (D.D.C. 2000) (citing 5 U.S.C. § 552(a)(4)(A)(vii)); see also Campbell v. DOJ, 164 F.3d 20, 35 (D.C. Cir. 1998); Rozet v. HUD, 59 F. Supp. 2d 55, 56 (D.D.C. 1999); McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987). Thus, this Court's review of the administrative record is limited to the record that was before the CIA when it rendered its decisions on Plaintiff's fee waiver request. 5 U.S.C. § 552(a)(4)(A)(vii).

The administrative record before the agency at the time it denied Plaintiff's fee waiver consists of the attached Exhibits A through D. In reviewing this record, "[s]ummary judgement is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA . . . ." Miller v. Department of State, 779 F.2d 1378, 1382 (8th Cir.

---

provided more detail regarding his basis for seeking a fee waiver. Plaintiff's September 25th letter is not a part of the administrative record that was before the CIA at the time it made its decision regarding Plaintiff's February 15, 2006 request, and therefore, it is not being submitted to the Court. See 5 U.S.C. § 552(a) (4)(A)(vii) ("court's review . . . . shall be limited to the record before the agency.").

1985) (citation omitted). Thus, when the pleadings, supplemented by documentation or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982).

## II.     THE AGENCY PROPERLY DETERMINED THAT PLAINTIFF IS NOT ENTITLED TO A FEE WAIVER.

Generally, the FOIA requires requesters to pay the reasonable costs associated with their search. Larson v. CIA, 843 F.2d 1481, 1482 (D.C. Cir. 1988). However, the FOIA requires documents to be furnished without any charge or at a charge reduced below the fees established by the agency where the "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see also Larson, 843 F.2d at1483 (citations omitted); VoteHemp, Inc. v. DEA, 237 F. Supp. 2d 55, 58-59 (D.D.C. 2002). As the requester, plaintiff has the burden of demonstrating that these two requirements are satisfied. Larson, 843 F.2d at 1483; Judicial Watch, Inc. v. DOJ, 185 F. Supp. 2d 54, 60 (D.D.C. 2002).

The FOIA also provides that "each agency shall promulgate regulations . . . specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced." 5 U.S.C. § 552(a)(4)(A)(i). Pursuant to the FOIA, the CIA has promulgated guidelines for determining when fees should be waived.[2] See 32 C.F.R. § 1900. Under these provisions, in

---

[2] The statute and the regulations promulgated by the agency must both be taken into consideration when a fee waiver denial is being adjudicated. See VoteHemp, Inc., 237 F. Supp. 2d at 59; Campbell, 164 F.3d at 35; Samuel Gruber Educ. Project v. DOJ, 24 F. Supp. 2d 1, 10

5

determining when fees should be waived or reduced, the CIA considers the following factors:

(I) Whether the subject of the request concerns the operations or activities of the United States Government; and, if so,

(ii) Whether the disclosure of the requested documents is likely to contribute to an understanding of United States Government operations or activities; and if so,

(iii) Whether the disclosure of the requested documents will contribute to public understanding of United States Government operations or activities; and, if so,

(iv) Whether the disclosure of the requested documents is likely to contribute significantly to public understanding of United States Government operations and activities; and

(v) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and, if so,

(vi) Whether the disclosure is primarily in the commercial interest of the requester.

32 C.F.R. § 1900.13(b)(2).

As the requester, Plaintiff had the burden to establish his entitlement to a fee waiver. Judicial Watch Inc. v. DOJ, 365 F.3d 1108, 1126 (D.C. Cir. 2004); Larson, 843 F.2d at 1483 (citations omitted). Thus, Plaintiff had to show that (1) the disclosure of the information he sought was "likely to contribute significantly to public understanding of the operations or activities of the [United States] government[,]" and (2) that disclosure of the information was not primarily in Plaintiff's commercial interests. VoteHemp, Inc., 237 F. Supp. 2d at 58-59. In denying his request, the CIA determined that Plaintiff had made no such showings. See Ex. A, at 2; and Ex. C, at 2. Because the CIA correctly determined that Plaintiff failed to establish his entitlement to a fee waiver, summary judgment in favor of the CIA should be granted.

---

(D.D.C. 1998).

6

### A. Plaintiff Failed to Establish that the Records he Sought are Likely to Contribute Significantly to Public Understanding of the Operations of the United States Government.

Although FOIA is to be liberally construed in favor of waivers for noncommercial requesters, Judicial Watch v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (citation omitted), "[c]onclusory statements that the disclosure of the requested documents will serve the public interest are not sufficient to meet this burden." Judicial Watch, Inc., 185 F. Supp. 2d at 60 (citing McClellan, 835 F.2d at 1285). See also Rossotti, 326 F.3d at 1312 (requests for fee waivers "must be made with reasonable specificity . . . and based on more than conclusory allegations.") (internal quotations and citations omitted); Judicial Watch v. DOJ, 133 F. Supp. 2d 52, 54 (D.D.C. 2000) (requestor's statements in support of fee waiver were "perfunctory assertions [that] were too 'ephemeral' to satisfy the 'reasonable specificity' standard") (citations omitted).

The CIA correctly determined that Plaintiff's request did not seek information that was likely to contribute to the public's understanding of the United States government's operations or activities. In his initial request, Plaintiff sought documents "about events in Andijan, Uzbekistan from 2004-2006, including any CIA reports relating to the violence of May, 2005, and its aftermath, as well as subsequent trials and evacuation of refugees." Ex. A. Plaintiff's request was subsequently limited to "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuations of refugees." Ex. B, at 1. In initially denying his request for a fee waiver, the CIA noted that the information Plaintiff sought was "not likely to contribute significantly to public understanding of the operations and activities of the United States Government." Id. at 2. Plaintiff appealed this determination in a letter dated March 22,

2006, in which he made the unsupported conclusory statement that his research "is likely to contribute significantly to public understanding of the operations and activities of the US government." Ex. C, at 2.

However, in neither his initial request or his March 22, 2006, appeal did Plaintiff state how the information he sought was likely to contribute to the public's understanding of the United States government's operations or activities.  Rather, in his appeal, Plaintiff merely stated that his intended audience included those "interested in the operation and activities of the US government in the field of international relations." Ex. C, at 1.  However, as the CIA's July 18, 2006, letter clearly explained, Plaintiff's request for records "on violence in Uzbekistan is, on its face, about events in a foreign country . . . ." Ex. D, at 1.  Furthermore, the CIA noted that Plaintiff had not "alleged nor made any connection between U.S. Government operations or activity and the violent events in Andijan, Uzbekistan." Id.  As a result, Plaintiff's conclusory statements that disclosure would be in the public interest were insufficient to establish his entitlement to a fee waiver.  Oglesby v. Department of the Army, 920 F.2d 57, 66 n.11 (D.C. Cir. 1990) (conclusory statements intended to satisfy the public interest requirement are insufficient); Larson, 843 F.2d at 1483 ("[T]he agency may infer a lack of substantial public interest '[w]hen a public interest is asserted but not identified with reasonable specificity, and circumstances do not clarify the point of the request[ ].'") (internal citations and quotation marks omitted); National Treasury Enforcement Union v. Griffin, 811 F.2d 644, 648 (D.C. Cir. 1987) ("links between furnishing the requested information and benefitting the general public" should not be "tenuous").

As the record here establishes, Plaintiff wholly failed to show that his request would

8

contribute to the public's understanding of the United States government and its operations or activities. Indeed, Plaintiff did not even contend that the United States had any involvement in the events that took place in Andijan, Uzbekistan. For this reason, the CIA correctly determined that Plaintiff was not entitled to a fee waiver because the information he sought is not "likely to contribute significantly to public understanding of the operations or activities of the government . . . ." 5 U.S.C. § 552(a)(4)(A)(iii).

      **B.**     **Disclosure of the Information is Primarily in Plaintiff's Commercial Interest.**

The CIA also properly determined that Plaintiff's request for a fee waiver should be denied because the information Plaintiff sought was primarily in his commercial interest. Ex. B, at 2 ("Based on the information you provided that you are currently writing a book on Central Asia, your request would be placed in the 'commercial' fee category."); Ex. D, at 2 ("You have stated that you are writing a book, which, although scholarly, is in your commercial interest. You, therefore, do not meet the second criterion warranting a fee waiver.").

Significantly, in his March 22, 2006, appeal of his fee waiver request, Plaintiff did not challenge the CIA's determination that his request would be placed in the "commercial fee" category. Ex. B, at 1 ("I appeal your decision to deny a fee waiver based on your determination that my research is not likely to contribute significantly to public understanding of the operations and activities of the US government.") (emphasis added). Because Plaintiff failed to offer any argument specifically addressing whether the information he sought was primarily in his commercial interest, Plaintiff clearly failed to meet his burden of demonstrating that he was entitled to a fee waiver on this ground. Judicial Watch Inc., 365 F.3d at 1126; Larson, 843 F.2d at 1483 (citations omitted) (the burden is on the FOIA requester to establish entitlement to a fee

9

waiver).

In any event, Plaintiff's own submissions revealed that the disclosure would primarily be in his commercial interest. In his initial request, Plaintiff clearly indicated that he was seeking a waiver based on the fact that he was (1) "a journalist writing for publication," specifically, his "personal blog" and (2) he was "currently writing a book about Central Asia." Ex. A.[3] The CIA determined that, in light of Plaintiff's assertion that he was writing a book, his request would be placed in the "commercial fee" category. Ex. B, at 2. And, in its final denial of Plaintiff's fee waiver request, the CIA reiterated that its denial of Plaintiff's request for a fee waiver was also grounded on the fact that Plaintiff's book, "although scholarly" was in Plaintiff's commercial interest. Ex. D, at 2.

Based upon Plaintiff's submissions, the CIA was justified in reaching the determination that the disclosure would primarily benefit Plaintiff's commercial interest, i.e., his book-writing activities. In his appeal, Plaintiff recounted his prior publications and public appearances on television. Ex. C, at 1. However, Plaintiff's "past record" is not relevant to his current request because "[u]nder the FOIA, the analysis focuses on the subject and impact of the particular disclosure, not the record of the requesting party." Judicial Watch v. DOJ, No. Civ.A. 99-2315, 2000 WL 33724693, at *5 (D.D.C. Aug. 17, 2000) (citation omitted). Given Plaintiff's complete failure to point to any clear public interest to be served by the disclosure of the information he sought, the CIA was justified in concluding that disclosure of the information Plaintiff sought would primarily be in Plaintiff's commercial interest. See Griffin, 811 F.2d at 647 ("When a public interest is asserted but not identified with reasonable specificity, and circumstances do not

---

[3]In his appeal, Plaintiff added that he would seek to publish the information on a separate website "devoted to Central Asian affairs . . . ." Ex. C, at 1.

clarify the point of the requests, it is not arbitrary or capricious for an agency to infer . . . that any benefit to the public from disclosure and waiver 'would be, at best, indirect and speculative.'") (citations omitted). In addition, in light of Plaintiff's asserted need for the information, i.e., to publish information on his personal blog, and to publish a book, it was reasonable for the CIA to conclude that Plaintiff's request primarily sought to benefit his commercial interest. See VoteHemp, Inc., 237 F. Supp. at 65 (holding that organization had a commercial interest in the information it sought concerning DEA's hemp policy where the organization advocated a "free market in industrial hemp . . . " and associated "with businesses with a commercial interest in hemp products" that could derive a profit from such a free market); Crooker v. Department of the Army, 577 F. Supp. 1220, 1223 (D.D.C. 1984) (holding that requester was properly denied a fee waiver for documents he sought for the purpose of writing a book about his brother because the requester failed to show that "the grant[ ] of . . . a waiver will benefit the public at large, rather than just . . . the individual who requests it.") (citations omitted).

II.     **BECAUSE THE AGENCY HAS NOT CONDUCTED A SEARCH FOR RESPONSIVE DOCUMENTS, AN ORDER TO PRODUCE THE DOCUMENTS PRIOR TO THE DETERMINATION OF APPLICABLE EXEMPTIONS IS PREMATURE.**

Pursuant to 5 U.S.C. § 552(b), an agency may withhold all or portions of documents upon a determination that the records are exempt from disclosure under one or more of the available exemptions. Administrative exhaustion is required for any adverse determination concerning the application of exemptions and disclosure of documents. See, e.g., Project on Military Procurement v. Department of the Navy, 710 F. Supp. 362, 367 (D.D.C. 1989) (holding that a court could not make a ruling on the applicability of exemptions when the agency has not yet reached a decision to withhold documents pursuant to available FOIA exemptions).

In his complaint, Plaintiff seeks a "declaratory judgment requiring that Defendant provide all records and reports, responsive to the February 15, 2006 request, i.e., 'any CIA reports relating to the violence [in Andijan, Uzbekistan] of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees' to Plaintiff without charging any fees." Compl. at 4-5. Here, however, the CIA has consistently maintained that a search for documents responsive to Plaintiff's February 15th request would not commence until such time as Plaintiff indicated his willingness to pay the applicable fees. Ex. B, at 2 ("Before we can begin processing your request, we must receive your commitment to pay fees incurred under the conditions above."); Ex. D, at 2 ("In accordance with Agency regulations, we will hold your request in abeyance for 45 days pending your commitment to pay fees as a requester in the 'commercial' fee category."). Because Plaintiff has not indicated his willingness to pay the fees applicable to his request, the CIA has no obligation to proceed with review of any responsive documents for applicable exemptions. To require the CIA to defend anticipated application of FOIA exemptions in the fee waiver context would compel an agency to actually process responsive records at the threshold fee waiver determination stage. Therefore, Plaintiff is not entitled to an order requiring the CIA to produce all responsive documents until such time as the CIA has reviewed any responsive documents and determined whether there are any applicable exemptions that apply.

## CONCLUSION

For the reasons set forth above, Defendant requests that summary judgment be entered in its favor and that Plaintiff's complaint be dismissed with prejudice.

        Respectfully submitted,

        /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

        /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

        /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Polly Smothergill
Assistant General Counsel
Office of the General Counsel
Central Intelligence Agency
Washington, DC 20505

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAURENCE A. JARVIK,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 06-1555 (RMU) |
| ) | |
| v. ) | |
| ) | |
| **CENTRAL INTELLIGENCE AGENCY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter having come before the Court on Defendant's Motion for Summary Judgment, Plaintiffs' Opposition, if any, and Defendant's Reply, if any, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is hereby **GRANTED**. It is further

**ORDERED** that Plaintiff's Complaint is dismissed in its entirety with prejudice.

**SO ORDERED** on this ___ day of _____, 200__.

_____
UNITED STATES DISTRICT JUDGE