IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE A. JARVIK ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENTRAL INTELLIGENCE AGENCY ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.: 06-1555 (RMU) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO REDUCE DEFENDANT'S FEE FOR SEARCHING FOR AND COPYING OF THE DOCUMENTS**

Plaintiff Laurence A. Jarvik ("Plaintiff"), by and through his undersigned attorney, hereby files this opposition to Defendant Central Intelligence Agency's (the "CIA" or "Defendant") Motion for Summary Judgment and Cross Motion for Summary Judgment or in the Alternative to Reduce Defendant's Fee for Searching for and Copying of the Documents. In support Plaintiff states as follows:

**STATEMENT OF FACTS**

1.  On February 15, 2006 Plaintiff submitted a Freedom of Information Act (FOIA) request for "all CIA documents about events in Andijan, Uzbekistan from 2004-2006, including any CIA reports relating to the violence of May, 2005 and its aftermath, as well as subsequent trials and evacuation of refugees." In addition, Plaintiff requested that "[i]f there are any fees for searching for, reviewing, or copying the records ... I ask exemption from such fees as a journalist writing for publication." *See* letter dated February 15, 2006, attached hereto as **Exhibit 1**.

2.  On March 7, 2006 the CIA responded by letter and stated that it could not search for "CIA documents about events in Andijan, Uzbekistan, from 2004-2006" as that was too broad of a

request, but could search for "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees."  *See* letter dated March 7, 2006, attached hereto as **Exhibit 2**.  In the March 7, 2006 letter the CIA also informed Plaintiff that it was denying his request for a fee waiver because (1) the disclosure of the information was "not likely to contribute significantly to public understanding of the operations and activities of the United States Government" and (2) Plaintiff was writing a book which placed his "request [...] in the 'commercial' fee category."

   3. On March 22, 2006 Plaintiff replied to the CIA's March 7, 2006 letter and accepted the CIA's offer to search for "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees."  *See* letter dated March 22, 2006, attached hereto as **Exhibit 3**.  In the March 22, 2006 letter, Plaintiff disputed the CIA's contention that the disclosure of the information would not contribute significantly to the public's understanding of the operations and activities of the United States government.  Plaintiff supported his contention by outlining his past and current scholarly and journalistic activities.  *See* **Exhibit 3**.

   4. On July 18, 2006 the CIA sent Plaintiff a "final response" to the March 22, 2006 letter denying Plaintiff's request for a fee waiver.  *See* letter dated July 18, 2006, attached hereto as **Exhibit 4**.  In the March 22, 2006 letter the CIA did not address its original reason for denial (in its March 7, 2006 letter,) i.e., the fact that disclosure would not contribute significantly to the public's understanding, rather the CIA provided an additional reason:

> [y]our letter does not show how the information you seek contributes to the public understanding of the activities of the *United States* Government because you have neither alleged nor made any connection between U.S. Government operations or activity and the violent events in Andijan, Uzbekistan.  A general awareness on the part of the U.S. Government to events abroad - or even that the U.S. Government follows events abroad - is insufficient to establish that the subject of the request

concerns governmental operations or activities. (emphasis in original).

In the July 18, 2006 letter, the CIA, in addressing whether the disclosure of the information was primarily in Plaintiff's commercial interest, stated "[y]ou have stated that you are writing a book, which, although scholarly, is in your commercial interest. You, therefore, do not meet the second criterion warranting a fee waiver."

5. On September 1, 2006 Plaintiff filed his Complaint in the case *sub judice*.

6. Plaintiff sent Defendant a letter on September 25, 2006, which more fully outlined Plaintiff's justifications for a fee waiver. *See* letter dated September 25, 2006, attached hereto as **Exhibit 5**.[1] The September 26, 2006 letter also attempted to address the CIA's basis for its denial, first raised in the July 18, 2006 "final response" letter, that Plaintiff did not sufficiently allege United

---

[1] The Court should permit Plaintiff to introduce, in this case, his letter to the CIA dated September 25, 2006. The September 25, 2006 letter provides details and documentation in support of Plaintiff's request for a fee waiver, i.e., it supplements the previous letters to Defendant. The introduction of the September 25, 2006 letter into the case *sub judice* would further the interests of justice and judicial economy, as Plaintiff will otherwise be forced to file another appeal, and is also in accord with the court system's liberal approach to FOIA cases. *See Envtl. Prot. Info. Ctr. v. United States Forest Serv.*, 432 F.3d 945, 947 (9th Cir. 2005) *citing McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987) (quoting 132 Cong. Rec. S14298 (Sept. 30, 1986) (Sen. Leahy)) (FOIA "'is to be liberally construed in favor of waivers for noncommercial requesters.")

FOIA requires that the Court limit its review to the record that was before the agency. *See* 5 U.S.C.S. § 552(a)(4)(A)(vii). Defendants denied the September 25, 2006 request on the same grounds that it denied the previous requests. *See* **Exhibit 6** ("Your current request [is] a restatement of your 15 February 2006 request.") Defendants did not change the basis for its denial of the September 25, 2006 from the bases it cited in response to Plaintiff's previous letters. The September 25, 2006 letter, therefore, only supplemented and did not change the record before the agency, so there can be no prejudice to Defendants in accepting the letter into the record. The record before the agency in denying Plaintiff's request for a fee waiver should be found by the Court to include the September 25, 2006 letter, which Defendant views as a mere restatement of Plaintiff's previous letters (already in the Court's record.) *See Forest Guardians v. DOI*, 416 F.3d 1173, 1177 (10th Cir. 2005) ("record before the agency consists of, *inter alia*, the initial FOIA request, the agency's response, and any subsequent materials related to the administrative appeal.") (emphasis added).

3

States involvement.

7. On October 25, 2006 the CIA responded to the September 25, 2006 letter and again denied Plaintiff's request for a fee waiver referring to the September 25, 2006 request "as a restatement of [the] 15 February 2006 request." *See* letter dated October 25, 2006, attached hereto as **Exhibit 6**.

## INTRODUCTION

This case concerns Plaintiff's CIA FOIA request for a fee waiver. Under FOIA, fee waiver requests are decided on numerous grounds, listed in the Defendant's motion:

i. Whether the subject of the request concerns the operations or activities of the United States Government; and, if so,
ii. Whether the disclosure of the requested documents is likely to contribute to an understanding of United States Government operations or activities; and, if so,
iii. Whether the disclosure of the requested documents will contribute to public understanding of United States Government operations or activities; and, if so,
iv. Whether the disclosure of the requested documents is likely to contribute significantly to public understanding of United States Government operations and activities; and
v. Whether the requester has a commercial interest that would be furthered by the requested disclosure; and, if so,
vi. Whether the disclosure is primarily in the commercial interest of the requester. (emphasis added).

32 C.F.R. § 1900.13(b)(2); Defendant's Memorandum to its Motion for Summary Judgment at 6.

Defendant first contended, in its March 7, 2006 letter that iii, iv, v, and vi of the above-listed criteria applied to Plaintiff in denying Plaintiff's request for a fee waiver. *See* **Exhibit 2**. In its July 18, 2006 letter Defendant specified ii, v, and vi as its reasons for denying Plaintiff's request for a fee waiver (inexplicably omitting its denial for a fee waiver based on lack of a significant contribution to the public's understanding and adding a third objection that the requested information must relate

to the United States government's activities.) *See* **Exhibit 4**. Plaintiff's September 25, 2006 letter attempted to address all of the above-mentioned reasons for Defendant's denial, but Defendant again denied, in its October 25, 2006 letter, Plaintiff's request for a fee waiver. *See* **Exhibit 5**, **Exhibit 6**.

Defendant contends the disclosure of the information will not contribute significantly to the public's understanding of the United States government's activities and that Plaintiff did not specifically allege United States involvement. In Plaintiff's letters to the CIA he consistently maintained that disclosure of the requested information would make a significant contribution to the public's understanding of the United States government's operations or activities in the May 2005 Andijan events. In support, Plaintiff, in his letters to Defendant, detailed his past accomplishments and highlighted the fact he maintains a blog and intends to write a book. The fact that Plaintiff requested in his February 15, 2006 letter all "CIA reports relating to the violence of May, 2005" should have been sufficient to allege United States involvement, but even so, he did explicitly state and allege United States involvement in his September 25, 2006 letter. *See* **Exhibit 5**. Defendant also contends the disclosure of the information <u>primarily</u> furthers Plaintiff's commercial interest. Plaintiff contends the commercial interest, if it ever materializes, is only a small part of the benefit derived from such a disclosure. *See* **Exhibit 5**. Plaintiff's correspondence with the CIA supports his contention.

Plaintiff is entitled to summary judgment because he meets the criteria for a fee waiver: (1) the disclosure will contribute significantly to the public's understanding of the United States government's operations and (2) the disclosure of the information is not primarily in the Plaintiff's commercial interest. Furthermore, the fee of $150 per document is unreasonable and excessive and prevents Plaintiff from obtaining the documents without a fee waiver. In the alternative, Plaintiff,

therefore, requests the Court reduce Defendant's fee from $150 per document to a reasonable amount (to be determined at a later date, after the opportunity for briefing by the parties and a hearing.)

## STANDARD OF REVIEW

A motion for summary judgment should be granted if there is no genuine dispute of material fact between the parties such that judgment may be made as a matter of law. *See* Federal Rules of Civil Procedure 56(c) (2006) ("[summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.")

"Judicial review of a FOIA fee waiver decision is *de novo* and limited to the record before the agency." *Forest Guardians v. DOI*, 416 F.3d 1173, 1177 (10th Cir. 2005) *citing* 5 U.S.C. § 552(a)(4)(A)(vii). "The record before the agency consists of, *inter alia*, the initial FOIA request, the agency's response, and any subsequent materials related to the administrative appeal. The burden of demonstrating that the standard for obtaining a FOIA fee waiver is met rests with the requester." *Id., citing Larson v. CIA*, 269 U.S. App. D.C. 153, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

## ARGUMENT

I.  **THE DISCLOSURE OF THE REQUESTED DOCUMENTS WILL CONTRIBUTE SIGNIFICANTLY TO THE PUBLIC'S UNDERSTANDING OF THE UNITED STATES GOVERNMENT'S OPERATIONS OR ACTIVITIES IN THE ANDIJAN EVENTS.**

The public would benefit by gaining an understanding of the United States involvement in the Andijan events if, as Plaintiff contends, the United States government played more than a merely passive role. The United States government has steadfastly denied any involvement in the Andijan

events.[2] *See* **Exhibit 5**. If the United States government, despite its denials, is discovered to have played an active role in the Andijan events, then the public's understanding will be significantly expanded as to the United States government's involvement and what this means to the region as a whole. Clearly, more than Plaintiff's interest will be satisfied by disclosure of the requested information. *See Forest Guardians v. DOI*, 416 F.3d 1173, 1179 (10th Cir. 2005) ("FOIA fee waivers are limited to disclosures that enlighten more than just the individual requester but will contribute to the general public's understanding of the government's operations or activities); *Id.* at 1180 *citing* 5 U.S.C. § 552(a)(4)(A)(iii) ("A fee waiver is not appropriate unless the information obtained under the FOIA 'is likely to contribute significantly to public understanding of the operations or activities of the government.'")

In addition, courts show a preference for journalists and scholars in deciding if a matter contributes significantly to the public's understanding. *See National Treasury Employees Union v. Griffin*, 258 U.S. App. D.C. 302, 811 F.2d 644, 649 (D.C. Cir. 1987) ("The legislative history of the fee waiver provision indicates special solicitude for journalists, along with scholars and public interest groups. [...] While private interests clearly drive journalists (and journals) in their search for news, they advance those interests almost exclusively by dissemination of news, so that the public benefit from news distribution necessarily rises with any private benefit. Thus it is reasonable to presume that furnishing journalists with information will primarily benefit the general public; any other view would entail a more or less unresolvable inquiry into the value of journalists' private goals.") (citation omitted). *See also W. Watersheds Project v. Brown*, 318 F. Supp. 2d 1036, 1041

---

[2] If, if fact, the United States government was not involved in the Andijan events then it should be an easy matter for it to comply with Plaintiff's FOIA request, i.e., no such documents exist.

(ID Cir. 2004) *citing Eagle v. United States Dep't of Commerce*, 2003 U.S. Dist. LEXIS 25444, 2003 WL 21402534 (N.D. Cal. 2003); *Oregon Natural Desert Ass'n v. United States Dep't of the Interior*, 24 F. Supp.2d 1088 (D. Or. 1998) ("Other courts have found requestors' statements of intent to disseminate requested information through newsletters, popular news outlets, and presentations to public interest groups, government agencies, and the general public sufficient to entitle an organization to a fee waiver.")

Plaintiff described himself as a journalist in his March 22, 2006 letter to the CIA. *See* **Exhibit 3**. Plaintiff has a long history of disseminating information *via* the internet, books, publications, speeches and other forms of media. Plaintiff is well situated to provide the public with the disclosed information. Plaintiff, in his letters to the CIA, outlined how he intended to disseminate the information using the above-mentioned methods.

As for Defendant's contention that Plaintiff did not specifically allege United States involvement, Plaintiff stated he wanted "CIA reports," which should be sufficient to allege United States involvement (as the CIA is a United States government agency.) Clearly Plaintiff is not asking for CIA reports relating to the Uzbek government's role in the violence, such allegation of United States involvement should have been self-evident to Defendant. Even so, Plaintiff specifically alleged United States involvement after receiving Defendant's July 18, 2006 "final response" letter and learning of Defendant's new basis for its denial of a fee waiver. *See* **Exhibit 5**. The Court, therefore, should find Plaintiff is entitled to summary judgment because the disclosed information will contribute significantly to public understanding and Plaintiff did sufficiently allege United States involvement.

## II.  THE DISCLOSURE OF THE INFORMATION IS NOT PRIMARILY IN THE PLAINTIFF'S COMMERCIAL INTEREST.

There is nothing in the letters Plaintiff wrote to the CIA that could suggest that Defendant's disclosure of the United States involvement in the Andijan events would <u>primarily</u> benefit Plaintiff's commercial interest. The fact that Plaintiff plans to use the information to write a book does not change the fact that the Court must balance the significant contribution to the public's understanding against any commercial interest by the requester. The test is not whether there is <u>any</u> commercial interest involved for the requester, but rather whether that interest is the <u>primary</u> benefit in relation to the benefit to the public. *See* 32 C.F.R. § 1900.13(b)(2) ("[w]hether the requester has a commercial interest that would be furthered by the requested disclosure; and, if so, [...] [w]hether the disclosure is primarily in the commercial interest of the requester.")

Plaintiff's commercial interest in the information sought is similar to any other journalists' commercial interest in a FOIA request. *See National Treasury Employees Union v. Griffin*, 258 U.S. App. D.C. 302, 811 F.2d 644, 649 (D.C. Cir. 1987) ("Thus it is reasonable to presume that furnishing journalists with information will primarily benefit the general public; any other view would entail a more or less unresolvable inquiry into the value of journalists' private goals.") The Court, therefore, should find that any commercial interest to Plaintiff, acting in his journalistic capacity, is not the primary benefit of disclosure of the requested information.

### III.  IN THE ALTERNATIVE, PLAINTIFF REQUESTS THE COURT DETERMINE DEFENDANT'S REASONABLE FEE FOR SEARCHING FOR AND COPYING OF THE DOCUMENTS.

Plaintiff requests the Court, in the alternative, set a reasonable fee for Defendant to charge in searching for and copying of the documents. The CIA informed Plaintiff that it could begin searching for and copying of the requested documents at an estimated cost of $150 per document. *See* **Exhibit 2**. Plaintiff cannot and does not have any idea how many documents may exist in the

CIA's files (potentially thousands.) To charge a fee of $150 per document is unreasonable, cannot be a fair estimate of actual costs, and only serves to intimidate a requester. In addition, such a high fee runs counter to FOIA's legislative purpose to make the documents more accessible to the public. *See* Public-Interest Fee Waivers Under the Freedom of Information Act, John E. Bonine, 1981 Duke L.J. 213, fn 7, *citing* Senate Comm. on the Judiciary, Amending the Freedom of Information Act, S. Rep. No. 854, 93d Cong., 2d Sess. 11 (1974) ("Congress enacted the fee-waiver provision because it believed agencies were charging high fees to discourage certain types of requesters or requests.")

Assuming *arguendo* the Court determines Defendant's fee is unreasonable, Plaintiff requests the Court reserve judgment on the proper amount of the fee until such time as the parties have been given an opportunity to brief the Court and a hearing is held on the matter.

### IV. PLAINTIFF DOES NOT OBJECT TO DEFENDANT'S ARGUMENT NUMBER TWO.

Defendant's concluding sentence to Section II of Defendant's Memorandum to the Motion for Summary Judgment requests the Court deny Plaintiff's request for an order "requiring the CIA to produce all responsive documents" until such time as the CIA has reviewed any responsive documents and determined whether there are any applicable exemptions that apply. Plaintiff understands that the CIA will have to review the documents prior to complying with any Court order to produce the documents and included in such a review will be a determination if any documents are exempt. Plaintiff, therefore, would ask the Court for an order requiring Defendant to comply after Defendant has reviewed the documents and determined if any exemptions are applicable.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's motion for summary judgment and grant Plaintiff's cross motion for summary judgment

or in the alternative set Defendant's fee for searching for and copying of the documents at a reasonable amount.

              Respectfully submitted,

              _____/s/_____
              Matthew H. Simmons, Esq.
              DC BAR # MD14700
              Simmons & Associates, Chartered
              7347 Wisconsin Avenue, Suite 200
              Bethesda, MD 20814
              Phone: 301-986-8444
              Fax: 240-597-0749
              Attorney for Plaintiff

## **REQUEST FOR HEARING**

Plaintiff respectfully request oral argument on the above motion.

              _____/s/_____
              Matthew H. Simmons

\\Danixt\files\Client Files\Jarvik_Cerritos\FOIA\PlaintiffsMotionForSummaryJudgment.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAURENCE A. JARVIK**           ) | |
| )| |
| Plaintiff,           ) | Civil Action No.: 06-1555 (RMU) |
| ) | |
| v.           ) | |
| ) | |
| **CENTRAL INTELLIGENCE AGENCY**  ) | |
| ) | |
| Defendant.           ) | |
| _____) | |

**ORDER**

UPON CONSIDERATION of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment or in the Alternative to Reduce Defendant's Fee for Searching for and Copying of the Documents, and any opposition thereto, it is this ____ day of _____, 2007 by the United States District Court for the District of Columbia,

[     ] ORDERED that Plaintiff's Motion for Summary Judgment is hereby GRANTED such that Defendant must comply with Plaintiff's FOIA request and provide Plaintiff a fee waiver for Defendant's costs of searching for and copying of any documents disclosed (after Defendant has determined if any applicable exemptions apply).

[     ] ORDERED, the parties shall submit motions and/or affidavits such that a determination can be reached by this Court as to what constitutes a reasonable fee for Defendant's costs of searching for and copying of any documents disclosed.

_____
UNITED STATES DISTRICT JUDGE

cc:

Jeffrey A. Taylor, Esquire
Rudolph Contreras, Esquire
Michelle N. Johnson, Esquire
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4212
Washington, D.C. 20530

Matthew H. Simmons, Esquire
Simmons & Associates, Chtd.
7347 Wisconsin Ave., Suite 200
Bethesda, MD 20814