**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **LAURENCE A. JARVIK,** | ) |
| | ) |
| **Plaintiff,** | )    **Civil Action No.: 06-1555 (RMU)** |
| | ) |
| **v.** | ) |
| | ) |
| **CENTRAL INTELLIGENCE AGENCY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

_____  )

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY**
**JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY**
**JUDGMENT OR IN THE ALTERNATIVE TO REDUCE DEFENDANT'S FEE FOR**
**SEARCHING FOR AND COPYING OF THE DOCUMENTS**

Defendant, the Central Intelligence Agency ("CIA"), submits this memorandum of law in

further support of its previously filed Motion for Summary Judgment ("Def.'s Mot.") and in

opposition to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-

Motion for Summary Judgment, or in the Alternative, to Reduce Defendant's Fee for Searching

and Copying of the Documents ("Pl.'s Mot.").  As will be discussed further below, Plaintiff has

submitted nothing of substance to refute the CIA's arguments that it properly denied him a fee

waiver.  Furthermore, Plaintiff has misconstrued the nature of the fees to be charged for his

request, and thus he is not entitled to an opinion from this Court that the CIA's fees for searching

and copying the records Plaintiff seeks is unreasonable.

**I.    ARGUMENT**

    **A.    Plaintiff Has Failed to Comply With Local Civil Rule 56.1.**

As a pre-cursor to its argument, Defendant notes that Plaintiff has not submitted a

"separate concise statement of genuine issues setting forth all material facts as to which it is

contended there exists a genuine issue to be litigated . . ." as required by LCvR 56.1. Nor has Plaintiff submitted a separate "statement of material facts as to which [he] contends there is no genuine issue . . ." also required by this Court's local rule in conjunction with the filing of a motion for summary judgment. Id. Accordingly, the facts as set forth in Defendant's Statement of Material Facts As to Which There is no Genuine Issue should be deemed as admitted. See LCvR 56.1 ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues file[d] in opposition to the motion."); Greenberg v. Food & Drug. Admin., 803 F.2d 1213, 1225 (D.C. Cir. 1986) ("Failure to file a proper . . . statement in opposing a motion for summary judgment may be fatal to the delinquent party's position.") (citations omitted).[1]

**B.     Plaintiff's September 25, 2006 Request is Not a Part of the Administrative Record in this Case.**

Plaintiff seeks to expand the administrative record in this action by referring to a letter that he sent to the CIA on September 25, 2006. However, this letter was sent after the Agency's final denial of Plaintiff's February 15, 2006 request, and therefore could not have been considered by the Agency at the time it submitted its final denial of Plaintiff's request on July 18, 2006. Def.'s Mot., Ex. D. Thus, it is not a part of the administrative record in this case. See 5 U.S.C. § 552(a)(4)(A)(vii); District of Columbia Tech. Assistance Org. v. HUD, 85 F. Supp. 2d 46, 48 (D.D.C. 2000) (holding that "[t]he decision of an agency to grant or deny a fee waiver

---

[1]Because Plaintiff, who is represented by counsel, has not set forth a separate statement of material issues not in dispute, Defendant has not set forth the facts it disputes in Plaintiff's motion.

2

request is reviewed <u>de novo</u> looking only to the administrative record before the agency at the time of the decision[,]" and noting that the additional supporting documents submitted in conjunction with plaintiff's motion for summary judgment "were not considered in the disposition of [the] case.") (citation omitted); <u>Brown v. United States Patent & Trademark Office</u>, 445 F. Supp. 2d 1347, 1355 (M.D. Fla. 2006) ("The administrative record should consist of those documents which the [Agency] used to determine whether Plaintiff's fees should be waived for this FOIA request.").[2]

In his complaint, Plaintiff asserts that the CIA's July 18, 2006, letter "constitutes the Agency's final decision with respect to Plaintiff's FOIA Request." Compl. ¶13. Notably, Plaintiff filed his complaint in this Court on November 29, 2006, over two months after he had sent his September 25, 2006 letter. Thus, he clearly could have sought to include that request as a part of his complaint. Plaintiff's failure to include his September 25, 2006 letter in his complaint does not authorize this Court to look beyond the administrative record that was before the Agency at the time it denied Plaintiff's February 15, 2006 request, which was the only request that was identified in the complaint. Accordingly, the Court should strike the September 25, 2006 letter from the record in this case and hold that the proper administrative record consists of the letters concerning Plaintiff's February 15, 2006 request (Exhibits A through D of

---

[2]Plaintiff cites <u>Forest Guardians v. United States Dep't of the Interior</u>, 416 F.3d 1173 (10th Cir. 2005), in support of his position that his September 25, 2006, letter should be considered as part of the administrative record. However, the <u>Forest Guardians</u> court merely stated, without explanation, that a FOIA record can include "any subsequent materials related to the administrative appeal." <u>Id.</u> at 1177. The court cited no authority for this proposition and did not elaborate on the types of documents it would consider "related" to an administrative appeal. In any event, it is highly unlikely that the court would deem a separate FOIA request to be related to a prior administrative appeal.

Defendant's Motion for Summary Judgment).

      **C.**    **Plaintiff Has Failed to Establish His Entitlement to a Fee Waiver.**

In his cross-motion for summary judgment and opposition to Defendant's motion for summary judgment, Plaintiff makes conclusory allegations that he satisfied the requirements for a public interest fee waiver. However, as Defendant previously argued in its Motion for Summary Judgment, and as evidenced by the administrative record in this case (attached to Defendant's Motion for Summary Judgment as Exhibits A through D), Plaintiff failed to properly substantiate his request for a public interest fee waiver and his cross-motion/opposition does nothing to alter that fact.

      **1.**    **Plaintiff Failed to Demonstrate that the Information He Seeks Pertains to the Operations of the United States Government.**

As Defendant previously argued in its Motion for Summary Judgment, <u>see</u> Def.'s Mot. at 7-9, at no time did Plaintiff explain how the information he sought regarding "events in Andijan, Uzbekistan . . . including CIA reports relating to the violence of May, 2005 . . . ." pertained to the operations of the United States government. Plaintiff contends that the fact that he indicated that "he wanted 'CIA reports'" should have "been sufficient to allege United States involvement (as the CIA is a United States government agency.)" Pl.'s Mot. at 8; <u>see also</u> <u>id.</u> at 5 ("The fact that Plaintiff requested in his February 15, 2006 letter all 'CIA reports relating to the violence of May, 2005' should have been sufficient to allege United States involvement . . . .").

Plaintiff's argument misses the mark. As the Agency accurately noted in its final denial of Plaintiff's request, the request Plaintiff submitted was "on its face, about events in a foreign country . . . ." Def.'s Mot., Ex. D. Plaintiff assumes, without any basis in fact, that the CIA only maintains reports concerning activities in foreign countries that involve the United States

government. This is pure speculation on his part. Furthermore, as this court has repeatedly emphasized, "a requester seeking a public interest fee waiver must make a specific showing that disclosure of the information will be of significance to the public . . . ." Hall v. CIA, No. Civ.A. 04-0814, 2005 WL 850379, at *7 (D.D.C. Apr. 13, 2005). Conclusory statements that the documents will contribute to the public's understanding of the operations of the United States government, such as the statements made in Plaintiff's FOIA request and appeal (Def.'s Mot., Exs. A & C), are insufficient. See id. at *7 ("conclusory statements about contributions to the public's understanding are not enough . . . .") (citations and internal quotation marks omitted). See also Oglesby v. United States Dep't of Army, 920 F.2d 57, 66 n.11 (D.C. Cir. 1990) (conclusory statements intended to satisfy the public interest requirement are insufficient). Plaintiff's failure to set forth the specific way that the information he sought would contribute to the public's understanding of the operations of the United States' government[3] justified the Agency's conclusion that no such benefit existed. Larson v. CIA, 843 F.2d 1481, 1483 (D.C. Cir. 1988) ("[T]he agency may infer a lack of a substantial public interest when a public interest is asserted but not identified with reasonable specificity . . . .") (internal citation and quotation marks omitted).

**2.    Plaintiff has Failed to Establish His Entitlement to a Fee Waiver.**

Nor has Plaintiff's opposition/cross-motion for summary judgment established that

---

[3]Plaintiff appears to allege that the CIA's March 7, 2006 letter did not indicate that Plaintiff was required to justify how the information would contribute significantly to the public's understanding of the activities of the United States government." Pl.'s Mot. at 2. However, the CIA's March 7, 2006, letter clearly indicated this fact. Def.'s Mot., Ex. B, at 2 ("the information you seek is not likely to contribute significantly to public understanding of the operations and activities of the United States Government.") (emphasis added).

disclosure of the information he seeks is not primarily in his commercial interest.  The Agency previously denied Plaintiff's request for a fee waiver in part because Plaintiff indicated that he was writing a book.  Notably, in his March 22, 2006 appeal, Plaintiff did not contest the Agency's denial of his fee waiver request on this basis.  Def.'s Mot., Ex. C.  Thus, Plaintiff has failed to establish that he met his burden of demonstrating his entitlement to a fee waiver. Larson, 843 F.2d at 1483 (the burden is on the FOIA requester to establish entitlement to a fee waiver."), and he failed to exhaust his administrative remedies concerning this aspect of his request.  Center to Protect Handgun Violence v. United States Dep't of Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997) ("Strict enforcement of the exhaustion doctrine is favored in FOIA cases.") (citation omitted).

       Plaintiff states that his "commercial interest in the information sought is similar to any other journalists' commercial interest in a FOIA request."  Pl.'s Mot. at 9.  What Plaintiff neglects to indicate, however, is whether the disclosure is primarily in his commercial interest. The fact that Plaintiff is writing a book does not, standing alone, entitle him to a fee waiver. Crooker v. Department of the Army, 577 F. Supp. 1220, 1223 (D.D.C. 1984) (holding that requester was properly denied a fee waiver for documents he sought for the purpose of writing a book about his brother because the requester failed to show that 'the grant[ ] of . . . a waiver will benefit the public at large, rather than just . . . the individual who requests it.").  In his February 15, 2006 FOIA request Plaintiff's sole justification for a fee waiver was the fact that he was making the request "as a journalist writing for publication – I have a personal blog . . . and am currently writing a book about Central Asia."  Def.'s Mot., Ex. A.  This request clearly did not indicate that Plaintiff's commercial interest was not the primary factor in making his request.

Nor did his March 22, 2006, request provide any further details as Plaintiff did not address his commercial interest at all.  It is based upon this record that the Agency was justified in concluding that any benefit to Plaintiff from disclosure of the information would primarily serve Plaintiff's commercial interest.

### D.    The Agency's Fees are Not Unreasonable.

Assuming the Court denies Plaintiff's motion for summary judgment, Plaintiff requests that the Court, "in the alternative, set a reasonable fee for Defendant to charge in searching for and copying of the documents."  Pl.'s Mot. at 9.  Plaintiff contends that the CIA has informed him that the cost per document is $150.00.  Id.  Plaintiff misconstrues the CIA fee schedule and his arguments are without merit for several reasons.

First, Plaintiff never contested the estimated fees the Agency might charge for his request at the administrative level.  Therefore, he should not be permitted to raise these claims with the Court in the first instance.  Grove v. Central Intelligence Agency, 752 F. Supp. 28, 31 (D.D.C. 1990) ("It goes without saying that exhaustion of administrative remedies is required in FOIA cases.") (citations and internal quotation marks omitted); Center to Protect Handgun Violence, 981 F. Supp. at 23 ("Strict enforcement of the exhaustion doctrine is favored in FOIA cases.") (citation omitted).  This court has explicitly held that a FOIA requester must exhaust his claims regarding the specific fees to be charged to him.  Keen v. Federal Bureau of Investigation, No. Civ.A. 98-2658, 2006 WL 2844908, at *2 (D.D.C. Sept. 29, 2006) (holding that plaintiff failed to exhaust his administrative remedies concerning the fees he failed to dispute at the administrative level and was required to pay those fees).

Second, Plaintiff has not properly construed the CIA's statements regarding the fees to be

charged.  In its March 7, 2006 letter, the CIA indicated that the search fees for "each item in a request are usually about $150."  Def.'s Mot., Ex. B (emphasis added).  Thus, if a request contains several items of information, each would cost approximately $150, with each item representing a discrete topic or subject.  Plaintiff's request was limited to one search item by virtue of the CIA's letter to Plaintiff indicating that it was accepting only Plaintiff's request for "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees."  Def.'s Mot., Ex. B.  Furthermore, the Agency's July 18, 2006 letter clearly indicated that copies are charged at the rate of "ten cents per page."  Def.'s Mot., Ex. D. Without having actually performed a search for responsive documents, the CIA is unable to represent how many pages of material may be pertinent to Plaintiff's request.  Therefore, without having a precise determination of the fees to be charged to Plaintiff, his request that the Court order the CIA to charge a "reasonable" fee is premature.  For these reasons, Plaintiff has not shown that the Agency's estimated search fee and per-page copying fee are unreasonable.  See Campbell v. United States Dep't of Justice, 164 F.3d 20, 35 (D.C. Cir. 1998) ("FOIA permits an agency to charge a reasonable fee for searching, copying, and reviewing files.") (citing 5 U.S.C. § 552(a)(4)(A)(ii)).[4]

## II.    CONCLUSION

For the reasons set forth above, as well as those asserted in Defendant's Motion for Summary Judgment, Plaintiff's complaint should be dismissed with prejudice because he has failed to establish his entitlement to a fee waiver.

---

[4]To the extent that Plaintiff needed clarification of the CIA's schedule of fees, they are publicly available.  32 C.F.R. § 1900.13.

Respectfully submitted,


_____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Polly Smothergill
Assistant General Counsel
Office of the General Counsel
Central Intelligence Agency
Washington, DC 20505

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAURENCE A. JARVIK,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 06-1555 (RMU)** |
| ) | |
| **v.** ) | |
| ) | |
| **CENTRAL INTELLIGENCE AGENCY,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE TO REDUCE DEFENDANT'S FEE FOR
SEARCHING FOR AND COPYING OF THE RECORDS**

This matter having come before the Court on Defendant's Motion for Summary

Judgment, Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-

Motion for Summary Judgment or in the Alternative to Reduce Defendant's Fee for Searching

for and Copying of the Records, and the relevant pleadings related thereto, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is hereby **GRANTED**.  It

is further

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment or in the Alternative to

Reduce Defendant's Fee for Searching for and Copying of the Documents is hereby **DENIED.**

It is further

**ORDERED** that Plaintiff's Complaint is dismissed in its entirety with prejudice.

**SO ORDERED** on this ___ day of _____, 200__.

_____
UNITED STATES DISTRICT JUDGE