**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAURENCE A. JARVIK** ) | |
| ) | |
|     **Plaintiff,** ) | **Civil Action No.: 06-1555 (RMU)** |
| ) | |
| **v.** ) | |
| ) | |
| **CENTRAL INTELLIGENCE AGENCY** ) | |
| ) | |
|     **Defendant.** ) | |
| _____) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO REDUCE DEFENDANT'S FEE FOR SEARCHING FOR AND COPYING OF THE DOCUMENTS**

Plaintiff Laurence A. Jarvik ("Plaintiff"), by and through his undersigned attorney, hereby files this opposition to Defendant Central Intelligence Agency's (the "CIA" or "Defendant") Opposition to Plaintiff's Cross Motion for Summary Judgment or in the Alternative to Reduce Defendant's Fee for Searching for and Copying of the Documents ("Defendant's Reply"). In support Plaintiff states as follows:

**ARGUMENT**

**I.  PLAINTIFF HAS DEMONSTRATED THAT THE INFORMATION HE SEEKS PERTAINS TO THE OPERATIONS OF THE UNITED STATES GOVERNMENT.**

Defendant argues in Defendant's Reply that Plaintiff does not qualify for a fee waiver because Plaintiff's request failed to allege United States involvement in the events in Andijan and that mere existence of the reports is not sufficient to allege government involvement. Plaintiff requested a search for "CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees." The CIA's letter dated July 18, 2006 denied Plaintiff's request because his request did not "show how the information [he sought] contribute[d] to the public understanding of the activities of the *United States* Government because [he] neither

alleged nor made any connection between U.S. Government operations or activity and the violent events in Andijan, Uzbekistan" (emphasis in original).  The CIA could have simply chosen to view Plaintiff's request as alleging United States involvement and only provided those reports that dealt with United States involvement.  Instead, the CIA chose to send Plaintiff a "final response" on July 18, 2007, which raised a new problem with Plaintiff's request and left him with no recourse other than this appeal.

In addition, even assuming *arguendo* Plaintiff wanted CIA reports that do not describe United States involvement, such a request would be permissible pursuant to FOIA.  5 U.S.C. § 552(a)(4)(A)(iii) states that a fee waiver is appropriate when information sought "is likely to contribute significantly to public understanding of the operations or **activities** of the government." (emphasis added).  Even if the United States involvement in the Andijan events was limited to creating a report, the existence of such a report is likely to contribute to the public's understanding of the activities of the United States government as creation of a report is an <u>activity of the government</u>.  In fact, the content of a CIA report related to the Andijan events will help the public better evaluate the CIA and determine if it is complying with its stated mission.  50 U.S.C. § 403-4a(d) lists the responsibilities of the Director of the Central Intelligence Agency, stated in pertinent part:

(1) collect intelligence through human sources and by other appropriate means [...];
(2) correlate and evaluate intelligence related to the national security and provide appropriate dissemination of such intelligence;
(3) provide overall direction for and coordination of the collection of national intelligence outside the United States through human sources by elements of the intelligence community authorized to undertake such collection and, in coordination with other departments, agencies, or elements of the United States Government which are authorized to undertake such collection, ensure that the most effective use is made of resources and that appropriate account is taken of the risks to the United States and those involved in such collection [...]

The CIA's mission includes collecting information that might be helpful to the United State's decisionmakers as well as ensuring "the most effective use [...] of resources."  Assuming *arguendo* the reports eventually fail to reveal any direct United States involvement in the Andijan events (other than creation of the reports,) the existence of the reports and their dissemination will enlarge the public's understanding of how the CIA collects such information necessary to protect and advance United States interests.  The public has a significant interest in knowing that the CIA is collecting information that is useful, timely, and produced in a way that ensures an effective use of resources, i.e., that the CIA is in fact fulfilling its mission.

## II.     PLAINTIFF DEMONSTRATED THAT THE DISCLOSURE DOES NOT PRIMARILY SERVE HIS COMMERCIAL INTEREST.

Plaintiff, in his February 15, 2006 letter, indicated that he is a journalist who maintains an Internet blog and is planning to write a book.  Internet blogs, by their nature, are generally a non-profit mode of distributing information to the general public, i.e., Plaintiff will not realize any profit from his blog.  Similarly, Plaintiff does not foresee much profit (if any) from writing a book about Uzbekistan.  *See* letter dated September 25, 2006, attached as Exhibit 5 to Plaintiff's Cross Motion for Summary Judgment filed January 16, 2007.  Thus, Plaintiff, if he receives any profit, will only receive limited profit from one-half of his information distribution efforts.  Clearly, such a limited commercial interest cannot (and should not) qualify as a <u>primary</u> commercial interest.

Defendant cites *Crooker v. Department of the Army*, 577 F. Supp. 1220, 1223 (D.D.C. 1984) to support its contention that Plaintiff's interest is primarily commercial, yet *Crooker* is not applicable to the case *sub judice* as it was not decided on commercial interest reasons.  *Crooker* involved a requester who wished to write a book about his brother and the court denied the request

3

because the requester failed to show that "the grant[] of such a fee waiver [would] benefit the public at large, rather than just benefit the individual who requests it."  In the case *sub judice* Plaintiff does not wish to write a book for any personal reason (other than interest); rather he wishes to add to the public's understanding of the Andijan events and the role the United States government played in those events.  *See* letter dated September 25, 2006, attached as Exhibit 5 to Plaintiff's Cross Motion for Summary Judgment filed January 16, 2007.  The only similarity between *Crooker* and this case is that both requesters were (and are) writing books, but that is where the similarity ends.  *Crooker* did not deny the request because the plaintiff was writing a book, but because the book would not benefit the public.  *Id*. at 1223-24, citing *Eudey v. CIA*, 478 F. Supp. 1175, 1177(D.D.C. 1979) ("In order for a Federal agency to grant a fee waiver, it must find that the granting of such a waiver will benefit the public at large, rather than just benefit the individual who requests it [...]  The Army carefully considered the many relevant factors and determined that plaintiff's FOIA request was exclusively for plaintiff's own personal purposes.")

The Court, pursuant to *Crooker* and the fact that there is a lack of sufficient evidence that the request will primarily be a benefit to Plaintiff's commercial interest, should grant Plaintiff's request for a fee waiver.

III.  **PLAINTIFF'S COMPLIANCE OR NON-COMPLIANCE WITH LOCAL RULE 56.1 IS IRRELEVANT IN THE CASE *SUB JUDICE* AS THERE ARE NO FACTS IN DISPUTE.**

Plaintiff complied with Local Rule 56.1 by providing a "Statement of Facts" that largely mirrored Defendant's "Statement of Material Facts".  This is an appeal of an administrative agency decision and the Court, **limited to the record before the agency**, is charged with reviewing the CIA's decision *de novo*.  *Forest Guardians v. DOI*, 416 F.3d 1173, 1177 (10th Cir. 2005).  The

4

record, consisting of several letters between Plaintiff and the CIA, is documented; therefore, LR 56.1 is not applicable as there are no disputed facts in this case.

### IV.     IN THE ALTERNATIVE, PLAINTIFF WOULD AGREE TO PAY $150 PLUS ANY COPYING COSTS.

The CIA's letter dated March 7, 2006 states that "[s]earch fees for each item in a request are usually about $150." "Item" is not defined in the CIA's March 7, 2006 letter, but Defendant's Reply provides a definition:

> if a request contains several items of information, each would cost approximately $150, with <u>each item</u> representing a discrete topic or subject.  Plaintiff's request was limited to one search item by virtue of the CIA's letter to Plaintiff indicating that it was accepting only Plaintiff's request for 'CIA reports relating to the violence of May 2005 and its aftermath, as well as subsequent trials and evacuation of refugees.'

Defendant's Reply at 8. Defendant's Reply appears to state that Plaintiff's request would only cost $150, not including copying costs of ten cents per page. Plaintiff believes that $150 plus copying costs of ten cents per page is reasonable, e.g., if the CIA, in response to Plaintiff's request, produces three hundred (300) pages, the cost would be $150 plus $30 for copying (at ten cents ($.10) per page.)  If Plaintiff correctly understands Defendant, then this matter can be resolved in the alternative. Plaintiff, therefore, requests the Court, in the alternative, order Defendant to provide to Plaintiff the documents at a one-time fee of $150, plus copying costs of ten cents ($.10) per page.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's cross motion for summary judgment or in the alternative set Defendant's fee for searching for and copying of the documents at One Hundred Fifty Dollars ($150) plus copying costs of ten cents ($.10) per page.

Respectfully submitted,

5

                                          _____/s/_____
                                          Matthew H. Simmons, Esq.
DC BAR # MD14700
Simmons & Associates, Chartered
7347 Wisconsin Avenue, Suite 200
Bethesda, MD 20814
Phone: 301-986-8444
Fax: 240-597-0749
Attorney for Plaintiff

### **REQUEST FOR HEARING**

Plaintiff respectfully request oral argument on the above motion.

                                        _____/s/_____
                                        Matthew H. Simmons

\\Danixt\files\Client Files\Jarvik_Cerritos\FOIA\PlaintiffsReplyToDefendantsOppToSMJ.wpd